IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| ) | |
| Plaintiff,  ) | Case No. 1:21-CR-00854-KWR |
| ) | |
| vs.  ) | |
| ) | |
| SILVESTER CASTILLO,  ) | |
| ) | |
| Defendant.  ) | |

**DEFENDANT'S UNOPPOSED MOTION
TO CONTINUE TRIAL AND DEADLINES**

Silvester Castillo, Defendant, by and through undersigned counsel Amanda R. Lavin, moves the court to continue the jury trial currently scheduled for October 12, 2021, and to vacate and reschedule all other motions, deadlines and settings in this matter. Mr. Castillo respectfully requests that this matter be continued for an additional ninety days. In support, Mr. Castillo states:

1. Defendant entered a plea of not guilty to the indictment filed in this matter on June 30, 2021. (Doc. 17). The indictment charges him with violation of 18 U.S.C. §§ 1153 and 1111, second-degree murder.

2. Mr. Castillo is in the custody of the United States Marshal.

3. Trial in this matter is currently scheduled for October 12, 2021.

4. Mr. Castillo respectfully requests a continuance in order to adequately prepare for trial, conduct defense investigation, file any appropriate pretrial motions, and importantly, negotiate a potential resolution of the case with the United

1

States Government. Specifically, Mr. Castillo requests an additional 90 days from the current setting to prepare for trial. Ninety days is the minimum amount of time that is required to accomplish the above-described tasks, which are all vital to his defense.

5. A continuance is necessary for counsel to complete the following:

   A) Discovery was disclosed on July 8, 2021; more time is necessary for counsel to meet with Mr. Castillo and review discovery and discuss the details of his case.

   B) Some witnesses in this case communicate primarily in the Navajo Language. The Federal Public Defender recently hired a Navajo-speaking investigator who has been assisting with discovery review in Mr. Castillo's case. More time is needed to thoroughly investigate all aspects of the case with the assistance of a native Navajo-speaker.

   C) Once Mr. Castillo has had the chance to thoroughly review all discovery in his case, as well as conduct necessary follow-up investigation, time will also be needed to engage in further plea negotiations with the government.

   D) If no plea agreement is reached, more time will be needed to file any appropriate pretrial motions, as well as motions *in limine*, and otherwise prepare for trial.

6. Mr. Castillo's right to the effective assistance of counsel includes adequate time to prepare for trial and conduct defense investigation. Without that adequate time to

prepare for trial, Mr. Castillo will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Mr. Castillo agrees with a continuance of the trial as well as related deadlines in the case. Neither party will be prejudiced by a continuance of the trial and related deadlines.

8. In compliance with the provisions of 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the

interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to thoroughly review all of the discovery in this matter and to complete an investigation. Additionally, a continuance of the deadlines and jury trial in this matter will provide the government time to seek the requisite layers of approval so that the parties may resolve the case by way of plea agreement. Such a negotiated resolution would conserve judicial and prosecutorial resources and could materially benefit Mr. Castillo by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. A continuance that is aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

10. Counsel for the government, Elisa Dimas, Esq., does not oppose this motion.

WHEREFORE, Mr. Castillo, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed September 28, 2021*
*/s/ Amanda R. Lavin*
Assistant Federal Public Defender